UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KEITH FARLEY,

    Petitioner,                        Civil No. 04-CV-72222-DT
                                           HONORABLE GEORGE CARAM STEEH
v.                                         UNITED STATES DISTRICT JUDGE

BLAINE C. LAFLER,

    Respondent,
_____/

**OPINION AND ORDER GRANTING A CERTIFICATE OF APPEALABILITY**

On October 24, 2005, this Court issued an opinion and order denying petitioner's application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *Farley v. Lafler,* 2005 WL 2769001 (E.D. Mich. October 24, 2005). Petitioner has now filed a motion for a certificate of appealability. For the reasons stated below, the motion for a certificate of appealability will be granted.

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). A district court is to set forth in its order all of the issues that the petitioner raised in

1

the habeas action and identify those issues, if any, that the district court is certifying for appeal. *In Re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997).

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

In order to obtain a certificate of appealability, a habeas petitioner need not show that his or her appeal will succeed. *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003).  The Supreme Court's holding in *Slack v. McDaniel* "would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail.  It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Id.*  A habeas petitioner is not required to prove, before obtaining a COA, that some jurists would grant the petition for habeas

corpus. *Id.* at 338. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.*

Petitioner raised the following three claims in his habeas petition:

I. Petitioner was deprived of his Sixth Amendment right of confrontation.

II. The evidence at trial was legally insufficient to convict petitioner of first-degree criminal sexual conduct.

III. Petitioner's due process rights were violated when the jury instructions did not inform the jury that they had to make a unanimous factual finding as to each sexual act alleged.

This Court rejected petitioner's application for writ of habeas corpus, on the ground that petitioner failed to show that the Michigan courts' decisions in this case were contrary to, or involved an unreasonable application of, clearly established federal law or involved an unreasonable determination of the facts.

Although the Court believes that its decision in denying petitioner habeas relief was correct, it will nonetheless grant petitioner a certificate of appealability on his three claims for the following reason. As noted by this Court in the opinion and order denying the petition for writ of habeas corpus, Justices Cavanagh and Kelly of the Michigan Supreme Court indicated that they would have granted petitioner's application for leave to appeal with the Michigan Supreme Court. *People v. Farley,* 469 Mich. 975; 671 N.W. 2d 884 (2003).

The fact that two Michigan Supreme Court justices would have granted

petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals shows that jurists of reason could decide the issues raised in this petition differently or that the issues deserve encouragement to proceed further. *See Robinson v. Stegall,* 157 F. Supp. 2d 802, 820, n. 7 & 824 (E.D. Mich. 2001)(habeas petitioner entitled to certificate of appealability from district court's determination that state appellate court reasonably applied federal law in determining that any Confrontation Clause error was harmless, where one judge on the Michigan Court of Appeals dissented and indicated that he would have reversed petitioner's conviction; dissent showed that a reasonable jurist found that the issue should have been decided differently); *See also Tankleff v. Senkowski,* 135 F. 3d 235, 242 (2nd Cir. 1998)(pre-AEDPA habeas petitioner entitled to certificate of probable cause to appeal, where intermediate state appellate court split three to two on the *Miranda* issue and the propriety of the prosecutor's summation); *Palmariello v. Superintendent, M.C.I. Norfolk,* 1988 WL 42393, * 2 (D. Mass. April 11, 1988)(habeas petitioner entitled to certificate of probable cause where the Massachusetts Supreme Judicial Court's affirmance of his conviction was non-unanimous; certificate would be issued "[I]n light of the dissenting opinion filed by a member of the Commonwealth's highest appellate court"). The Court will therefore grant a

certificate of appealability to petitioner on his three claims. [1]

## ORDER

**IT IS HEREBY ORDERED** that a certificate of appealability shall be issued with respect to petitioner's three claims.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated:  November 17, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 17, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk

---

[1] The court is aware that the Sixth Circuit disfavors issuing a blanket certificate of appealability without making an individualized determination as to each claim. *See Frazier v. Huffman,* 343 F. 3d 780, 788 (6th Cir. 2003).  However, in the absence of any indication from either Justice Cavanagh or Justice Kelly as to which of Petitioner's claims they wanted to grant leave on, the court is unable to make a more individualized determination.