**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID KEITH FARLEY,

      Petitioner,               Civil No. 04-CV-72222-DT
                               HONORABLE GEORGE CARAM STEEH
v.                             UNITED STATES DISTRICT JUDGE

BLAINE C. LAFLER,

      Respondent,
_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS**
**PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I. Introduction**

On October 24, 2005, this Court issued an opinion and order denying

petitioner's application for a writ of habeas corpus brought pursuant to 28 U.S.C.

§ 2254. *Farley v. Lafler,* 2005 WL 2769001 (E.D. Mich. October 24, 2005).  The

United States Court of Appeals for the Sixth Circuit recently affirmed the Court's

denial of the petition for writ of habeas corpus. *Farley v. Lafler,* ---- Fed. Appx.----;

2006 WL 2457082 (6th Cir. August 24, 2006).  Petitioner has now filed a motion

for relief from judgment pursuant to Fed. R. Civ. P. 60(b), in which he contends

that he is entitled to relief from the prior judgment denying him habeas relief,

based on the United States Supreme Court's decision in *Crawford v. Washington,*

124 S. Ct. 1354 (2004), which petitioner argues should be given retroactive effect

by this Court to afford him habeas relief on a Confrontation Clause claim which

was previously rejected by this Court when adjudicating his prior habeas case.

1

For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

## II.  Discussion

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was enacted ("AEDPA").  Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts.  These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus.  The provisions of the AEDPA apply because petitioner filed this motion after the effective date of the AEDPA. *See Norris v. Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998).  Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the

2

Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b).  The United States Supreme Court has held that a Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 125 S. Ct. 2641, 2647 (2005).  Therefore, a habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." *Id.* at 2649.

Petitioner's motion for relief from judgment amounts to a second or successive habeas petition, because the motion seeks to advance a claim that

3

this Court previously considered and dismissed on substantive, constitutional grounds. *See Post v. Bradshaw,* 422 F. 3d 419, 424-25 (6th Cir. 2005).  Because petitioner's Rule 60(b) motion qualifies as a second or successive habeas petition, petitioner is required to obtain authorization from the Sixth Circuit before he can file a new habeas petition.

In the present case, petitioner has previously filed a habeas petition with the federal courts.  Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was dismissed on the merits.  Petitioner's current Rule 60(b) motion is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.  Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

### III.  Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of

4

Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Dated:  November 13, 2006

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 13, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

5